UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| HUNTER JAMES | CIVIL ACTION NO. 20-0203 |
| VERSUS | JUDGE DONALD E. WALTER |
| JARROD NICHOLS WHITNEY AND THREE SISTERS PETROLEUM, INC. | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a Motion to Remand filed by the Plaintiff, Hunter James ("James"). See Record Document 10. This matter was removed to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §1332. See Record Document 1. Defendant Michael Pisani & Associates, Inc. oppose this motion. For the reasons that follow, Plaintiff's motion to remand is **GRANTED**.

## BACKGROUND

Michael Pisani & Associates, Inc. ("Pisani") is an environmental corporation domiciled in Louisiana. GWS Consulting, LLC ("GWS") is an environmental company domiciled in Texas. See Record Document 1. GWS and Pisani were retained to conduct environmental testing and soil sampling at a Caddo Parish wellsite in connection with a lawsuit regarding contamination of the property on which Plaintiff was injured (hereinafter referred to as the "Underlying Lawsuit"). The Underlying Lawsuit involved Chevron USA Holdings, Inc. and Chevron U.S.A. (collectively "Chevron"), Three Sisters Petroleum, Inc. ("Three Sisters"), and several other defendants. Chevron engaged Pisani to provide expert consulting services in the field of environmental site assessment and remediation in defense of the Underlying Lawsuit. Three Sisters engaged GWS for the same purpose.

Plaintiff was part of a work crew for Louisiana Petroleum Company ("Louisiana Petroleum"). Louisiana Petroleum provided various services to Three Sisters and was part of the crew used to perform the work on the property involved in the Underlying Lawsuit. While performing excavation and sampling work, Plaintiff was hit in the head with a backhoe bucket. He was rendered unconscious. On the date that Plaintiff was injured, GWS and Pisani were present at the worksite for testing, sampling, and remediation of the site. Plaintiff initially sued Jarrod Nichols Whitney ("Whitney"), the driver of the backhoe, and Three Sisters, Whitney's employer, for injuries sustained from the backhoe incident. Over a year later, Plaintiff filed an amended complaint wherein he added Pisani and GWS as defendants, contending that GWS and/or Pisani "supervised and oversaw the excavation at the well site" and "had a duty to supervise and to instruct the excavation crew's work in a reasonable manner and to ensure the safety of the work crew." Record Document 1, Ex. 1 at 28.

Pisani removed the lawsuit to this Court, despite being a non-diverse, Louisiana domiciliary, contending that complete diversity exists between Plaintiff and all properly joined defendants pursuant to 28 U.S.C. § 1332. See Record Document 1 at 3. Pisani argued that the joinder of Pisani in the lawsuit was solely for the purpose of defeating diversity jurisdiction. Thereafter, Plaintiff filed the instant motion to remand, arguing, inter alia,[1] that the removal is procedurally defective because it was filed more than one year since the commencement of the lawsuit in violation of the one year limitation imposed by 28 U.S.C. § 1446(c). In opposition,

---

[1] Plaintiff asserts numerous other reasons that the case should be remanded to state district court, including: (1) Pisani's notice of removal is procedurally defective, (2) the suit was not initially removable when Pisani filed its notice of removal, (3) Pisani has no right to remove the case, and (4) Pisani cannot meet its burden of showing that it was improperly joined. See Record Document 10. In light of the fact that the Court finds that the case should be remanded based upon untimely removal, the Court need not reach any of these remaining arguments.

Pisani argues that, although removal was filed more than one year after commencement of the lawsuit, removal was nevertheless timely because Plaintiff effectively commenced a new lawsuit when filing the amended complaint and, in the alternative, Plaintiff has acted in bad faith in order to prevent removal.

## LAW AND ANALYSIS

At the outset, the Court acknowledges that the removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Because removal raises significant federalism concerns, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). However, a district court is required to remand the case, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Since the enactment of the diversity statute, courts have required "complete diversity" of citizenship. See Carden v. Arkoma Assocs., 494 U.S. 185, 187, 110 S. Ct. 1015, 1017 (1990).

Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . . ." "The Supreme Court clarified this language in Murphy Bros., Inc. v. Michetti Pipe Stringing,

3

Inc., 526 U.S. 344, 347–48, 119 S. Ct. 1322 (1999), holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." City of Clarksdale v. Bellsouth Telecomms., Inc., 428 F.3d 206, 210 (5th Cir. 2005). The term "service of process" is defined by state law. Id. Louisiana's long-arm statute extends to the limits of constitutional due process. See Fox v. Bd. of Supervisors of La. State Univ. and Agric. and Mech. College, 576 So.2d 978, 983-84 (La. 1991).

Even if a defendant receives notice that the case has become removable after the initial pleading, section 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3)[2] on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." To determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" Hoyt v. Lane Constr. Corp., 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)). "'The determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.'" Rantz v. Shield Coat, Inc., No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (quoting Bryson v. Wells Fargo Bank, N.A., No. 16-28, 2016 WL 1305846, at *4 (E.D. Tex. Mar. 31, 2016)). A finding of bad

---

[2] Subsection (b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

faith requires a "transparent attempt to circumvent federal jurisdiction." H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C., No. 18-690, 2018 WL 7625357, at *3 (M.D. La. Dec. 21, 2018).

Pisani contends that its removal was timely despite having occurred over a year after commencement of the action because a new claim commenced "against Pisani when [it] was joined in the lawsuit," arguing that the claims against each defendant are "drastically different." Record Document 15 at 11. Pisani, therefore, maintains that a new time period began when it was served within which to remove the lawsuit to federal court.

Pisani relies on Gore v. Robertson, No. 14-749, 2015 WL 5749459, at *2 (M.D. La. Sept. 30, 2015), and Braud v. Transport Services Company of Illinois, 445 F.3d 801, 805 (5th Cir. 2006) to support its argument that a new suit was commenced when it was added to the lawsuit. In Braud, the Fifth Circuit held that amending a complaint to add a new defendant "commences" a new suit. See id. However, Braud was in the context of the Class Action Fairness Act ("CAFA"). See id. CAFA expressly states that a class action may be removed "in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply)." 28 U.S.C. § 1453. This lawsuit does not involve CAFA and, therefore, Braud is clearly distinguishable and inapplicable to the instant matter.

Gore is likewise distinguishable. In Gore, the court denied a motion to remand, finding that the plaintiff had "filed an action with two demands for enforcement of legal rights under two different legal theories against different sets of defendants in two different pleadings with the same cause of action." Gore, 2015 WL 5749459, at *3. The Gore court concluded that "the single cause of action led to the presentation to the court of two different demands in two different pleadings

5

that can be construed as having two different commencement dates."³ Id. The Gore court also noted that the second defendant "had no prior knowledge of the action." Id. at *5. Thus, the plaintiff was seeking two different sets of damages from different defendants.

To the contrary, in the instant matter, there is only one incident which James has alleged was caused by negligence. Even Pisani, in its own argument, acknowledges that all of the claims are theories of negligence—although varying forms of negligence. Furthermore, numerous courts have determined that the addition of a new defendant to a lawsuit does not recommence the action for purposes of the one-year limitation. See Holleman v. Golden Nugget Lake Charles, LLC, No. 19-477, 2019 WL 5855770 (W.D. La. Nov. 6, 2019); Howell v. St. Paul Fire & Marine Ins. Co., 955 F. Supp. 660 (M.D. La. 1997) ("Congress specifically put an overall time limit when a party seeks to remove an action pursuant to 28 U.S.C. § 1332" that "applies even if new defendants are added or new claims are asserted."); Day v. W.World Ins. Co., No. 14-348, 2014 WL 4373301, at *3 (M.D. La. Sept. 3, 2014). Ultimately, the claims asserted against Pisani are not of an entirely different nature than the claims originally filed as was argued in Gore. Pisani's arguments to the contrary are without merit and Pisani has failed to meet its burden.

In the alternative, Pisani contends that the bad faith exception contained in 28 U.S.C. § 1446(c) applies to excuse the failure to remove the case within one year. Pisani asserts that Plaintiff knew of the existence and identity of both of the environmental consultants within a year of commencement of the underlying lawsuit but intentionally did not add Pisani and GWS until the removal period had passed. See Record Document 15 at 13. Pisani further contends "Plaintiff

---

³ The Gore court found that there were two different demands made by the plaintiff, as the plaintiff first sought "enforcement of the right to be free from injury under a negligence theory against defendants . . . The second demand sought enforcement of the right to be free from injury under a products liability theory against defendant. . . ." Gore, 2015 WL 5749459, at *3.

did not disclose the amount in controversy in its Supplemental and Amended Petition for Damages, further hindering Pisani from pursuing removal." Id. These conclusory arguments have no merit. This Court does not find anything suspicious about the timing of plaintiff's amended complaint and does not find that it was done in bad faith in order to prevent removal. Simply stated, Pisani did not meet its burden of showing that James engaged in bad faith conduct to prevent removal.[4] Accordingly, the bad faith exception to the one-year removal deadline set forth in 28 U.S.C. § 1447(c) is not applicable and the motion to remand should be granted.

## CONCLUSION

For the reasons stated herein, this Court finds that Pisani failed to meet its burden of showing that the removal was procedurally proper. The removal was untimely, having been filed more than one year after the state court lawsuit was filed. Accordingly, Plaintiff's Motion to Remand (Record Document 10) is hereby **GRANTED**. This matter is **REMANDED** to the First Judicial District Court, in and for the Parish of Caddo, Louisiana, for further proceedings.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of July, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] The entirety of Pisani's arguments regarding bad faith are contained in a mere three paragraphs (fifteen lines) of Pisani's eighteen-page memorandum in opposition to Plaintiff's motion to remand and contain bare conclusions. See id. at 12-13.